UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BRUCE FRANKS | ) | CASE NO. 4:12 CV1122 |
| | ) | |
| Petitioner | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ROBERT FARLEY | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

*Pro se* petitioner Bruce Franks filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Robert Farley, Warden at the Federal Correctional Institute in Elkton, Ohio ("F.C.I. Elkton").

Petitioner, who is incarcerated at F.C.I. Elkton, alleges he is entitled to consideration for 12 months placement in a Residential Re-entry Center (R.R.C.). As such, he requests an order directing the Bureau of Prisons (BOP) to immediately evaluate him for placement in a R.R.C. by considering the factors set forth in 18 U.S.C. § 3621(b). For the following reasons, the Petition is dismissed.

## BACKGROUND

The Petition is largely historical overview of the Second Chance Act of 2007. Petitioner's analysis leads to his conclusory determination that Congress intended all prisoners receive 12 months placement in a community corrections setting, unless the BOP can justify otherwise.

Petitioner, who is scheduled for release on March 1, 2014, acknowledges that he is not yet eligible for an evaluation of his placement in a R.R.C., but claims he would not have sufficient time to exhaust his administrative remedies if he waited until he were eligible.

## STANDARD OF REVIEW

For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson* 471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)). Therefore, if "it appears from the application that the applicant or person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C. §2243.

## DISCUSSION

Any claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). While this Court has personal jurisdiction over the Petition, it lacks subject matter jurisdiction for the reasons stated below.

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among

threshold grounds for denying audience to a case on the merits.")(internal quotation marks omitted). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94(1998)(citation omitted).

Here, the most critical question presented is whether the case is ripe for judicial resolution. To reach a resolution, two questions must be addressed: (1) is the dispute "fit" for a court decision in the sense that it arises in "a concrete factual context" and involves "a dispute that is likely to come to pass"? and (2) what are the risks to the claimant if the federal courts stay their hand? *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir.2008); *see Abbott Labs. v. Gardner*, 387 U.S. 136, 149(1967).

The Petition is not ripe for adjudication. While Petitioner is seeking an evaluation of whether he is eligible for 12 months placement in a R.R.C., the BOP has yet to refuse such a request or indicate he will be deprived of an evaluation in the future. Moreover, Petitioner does not claim the BOP has declared he is ineligible for early release. In fact his own pleading states, "The Petitioner has not been denied a 12 month R.R.C. placement." (Pet.at 17.) Nor does the Petition state that Petitioner would be ineligible for early release as a matter of law. On this basis, Petitioner's claims do not "arise . . . in a concrete factual context [or] concern . . . a dispute that is likely to come to pass." *Warshak*, 532 F.3d at 525.

For all the foregoing reasons, Petitioner is not entitled to habeas relief.

## **CONCLUSION**

Based on the foregoing, the Petition is dismissed for want of jurisdiction. See 28 U.S.C. §

2243. The Court certifies that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                        /s/Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
Date   10/04/12                       UNITED STATES DISTRICT JUDGE